3:15-CV-5761
BHS/KLS

RECEIVED

OCT 21 2015

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

AO 241
(Rev. 01/15)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: *WESTERN DISTRICT OF WASHINGTON* |
|---|---|

| Name (under which you were convicted) *STEVEN CRAIG POWELL* | Docket or Case No.: *PIERCE COUNTY # 11-1-03893-1* |
|---|---|

| Place of Confinement : *MONROE CORRECTIONAL COMPLEX/WSRU CELL  C425   PO BOX 777   MONROE, WA 98272-0777* | Prisoner No.: *DOC # 357992* |
|---|---|

| Petitioner (include the name under which you were convicted) *STEVEN CRAIG POWELL* | v. | Respondent (authorized person having custody of petitioner) *STATE OF WASHINGTON* |
|---|---|---|

| The Attorney General of the State of: *WASHINGTON* | | |
|---|---|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

*PIERCE COUNTY SUPERIOR COURT*
*930 TACOMA AVENUE SOUTH*
*TACOMA, WA 98402*

(b) Criminal docket or case number (if you know): *11-1-03893-1*

2.  (a) Date of the judgment of conviction (if you know): *MAY 2012*

(b) Date of sentencing: *JUNE 20, 2012*

3.  Length of sentence: *30 MONTHS / 60 MONTHS, CONSECUTIVE*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

*VOYEURISM - 12 COUNTS - SENTENCED ON JUNE 20, 2012 TO 30 MONTHS, EXCEPTIONAL SENTENCE*
*THE SUBJECTS OF THE ABOVE 12 COUNTS WERE MINORS.*
*A COUNT FOR "POSSESSION" OF UNDERAGE IMAGES*
*WAS THROWN OUT BEFORE 2012 TRIAL, REINSTATED IN 2014, AND*
*PETITIONER WAS SENTENCED TO 60 MONTHS CONSECUTIVE AUG. 21, 2015*

6.  (a) What was your plea? (Check one)

☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *PETITIONER PLEAD NOT GUILTY TO 12 COUNTS OF VOYEURISM AND TO ONE (1) COUNT OF POSSESSION OF DEPICTIONS OF MINORS.*

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *COURT OF APPEALS OF THE STATE OF WASHINGTON - DIVISION II*

(b) Docket or case number (if you know): *43585-3-II*

(c) Result: *AFFIRMED CONVICTION AND REINSTATED "POSSESSION" COUNT*

(d) Date of result (if you know): *AUGUST 2014*

(e) Citation to the case (if you know): _____

(f) Grounds raised: *BASED ON THE FOUR CORNERS OF THE AFFIDAVIT, THE "FISHING EXPEDITION" BY LAW ENFORCEMENT, IT WAS ARGUED THAT THE "EVIDENCE" SHOULD HAVE BEEN SUPPRESSED.*

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: *THE STATE SUPREME COURT, OF WASHINGTON*

(2) Docket or case number (if you know): *No. 90430-8*

(3) Result: *PETITION FOR REVIEW WAS DENIED*

(4) Date of result (if you know): *OCTOBER 8, 2014*

(5) Citation to the case (if you know): _____

(6) Grounds raised:   *FOUR CORNERS OF THE SEARCH AFFIDAVIT,*
*DECEPTION BY LAW ENFORCEMENT IN AFFIDAVIT*

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   *N/A*

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☐ Yes      ☐ No

(2) Second petition:  ☐ Yes      ☐ No

(3) Third petition:    ☐ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** TRIAL JUDGE ERRONEOUSLY INVOKED "EVIDENCE" IN THE AFFIDAVIT THAT JOSH POWELL MURDERED SUSAN POWELL, AS SUPPORTING PROBABLE CAUSE AND AS JUSTIFICATION FOR DENYING MOTION TO SUPPRESS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ON APRIL 23, 2012, PETITIONER'S MOTION TO SUPPRESS WAS ARGUED BEFORE JUDGE RONALD CULPEPPER. DEFENSE ATTY. MARK QUIGLEY ARGUED "THE FOUR CORNERS" OF AFFIDAVIT, AN OVERLY BROAD WARRANT AND OVERREACHING BY LAW ENFORCEMENT. NEITHER DEFENSE NOR PROSECUTION ARGUED THE MERITS OF THE ALLEGED EVIDENCE IN THE AFFIDAVIT AS SUPPORTING OR NOT SUPPORTING PROBABLE CAUSE. YET ON APRIL 24, 2012 JUDGE CULPEPPER RULED AGAINST MOTION TO SUPPRESS, CITING "EVIDENCE" IN AFFIDAVIT THAT JOSH POWELL (PETITIONER'S SON) MURDERED SUSAN POWELL (JOSH'S WIFE, WHO DISAPPEARED IN UTAH) BEFORE MOVING FROM UTAH TO WASHINGTON IN DECEMBER 2009 TO LIVE WITH PETITIONER. NOTE: THERE IS NO EVIDENCE WITHIN, OR OUTSIDE OF, THE AFFIDAVIT THAT SUSAN POWELL IS DEAD, OR THAT JOSH POWELL HAD ANYTHING TO DO WITH HER DISAPPEARANCE. EVIDENCE THAT PETITIONER DEVELOPED AND PRESENTED TO THE FBI IN FEBRUARY 2010 SUGGESTS STRONGLY THAT SUSAN POWELL ABSCONDED WITH ONE STEVEN KOECHER, WHO DISAPPEARED FROM UTAH AT THE SAME TIME. AFFIANT, PIERCE COUNTY SHERIFF DEPARTMENT (PCSD) DETECTIVE GARY SANDERS, HAD NO ALTERNATIVE BUT TO USE DECEPTION IN THE AFFIDAVIT, IN ORDER TO ALLEGE, IN THE AFFIDAVIT, THAT THERE WAS PROBABLE CAUSE TO BELIEVE A MURDER WAS COMMITTED.

(b) If you did not exhaust your state remedies on Ground One, explain why: PETITIONER WROTE EXHAUSTIVE LETTERS TO DEFENSE ATTORNEY MARK QUIGLEY, PRIOR TO MOTION TO SUPPRESS, TO THE EFFECT THAT ALL "EVIDENCE" IN THE AFFIDAVIT FOR SEARCH WARRANT WAS DECEPTION BY LAW ENFORCEMENT. EARLY ON, PETITIONER SUGGESTED, IN WRITING TO MR. QUIGLEY, AVENUES TO INVESTIGATE IN ORDER TO CONFIRM THIS CONTENTION. NO INVESTIGATING OF ANY KIND WAS UNDERTAKEN BY DEFENSE, IN 2011-2012.
ATTY. MARK QUIGLEY HAD, PETITIONER BELIEVES, GROUNDS FOR FILING A MOTION FOR RECONSIDERATION, TO REQUEST A FRANKS HEARING.
ATTY. QUIGLEY DID NOT QUESTION THE FAULTY EVIDENCE CITED BY THE COURT, AND THUS THE ISSUE COULD NOT BE RAISED ON APPEAL. PETITIONER DID BRING THIS ISSUE OF FAULTY EVIDENCE IN THE SEARCH AFFIDAVIT TO THE ATTENTION ALSO OF APPELLATE COUNSEL, TO NO AVAIL.

AO 241
(Rev. 01/15)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   *SEE PREVIOUS NOTE (b). ALTHOUGH PETITIONER BELIEVES THIS RULING to BE A PIVOTAL ERROR, TRIAL ATTY. QUIGLEY FAILED TO SEE IT AND, PETITIONER ASSERTS, THIS FAILURE may HAVE PREVENTED THE ISSUE FROM BEING RAISED ON APPEAL, IN SPITE OF PETITIONER'S IMPORTUNING OF BOTH TRIAL AND APPELLATE COUNSEL.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** ALL EVIDENCE OF PROBABLE CAUSE IN THE SEARCH AFFIDAVIT WAS EITHER PERJURY OR PURPURJURY BY OMISSION BY LAW ENFORCEMENT, AND SEARCH EVIDENCE SHOULD HAVE BEEN SUPPRESSED OR THOROUGHLY REVIEWED IN A FRANKS HEARING.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): PETITIONER DOES NOT HAVE A COPY OF SEARCH AFFIDAVIT CURRENTLY AVAILABLE TO HIM. LAW ENFORCEMENT OMITTED FACTS IN AFFIDAVIT TO ENHANCE ITS VIABILITY, TO OBTAIN SEARCH WARRANT.
THE INSTANCE OF UNQUESTIONABLE PERJURY IS DIRECTLY RELATED TO THE OSTENSIBLE PURPOSE OF THE SEARCH ON AUGUST 25, 2011, WHICH WAS TO SEIZE CHILDHOOD JOURNALS KEPT BY MISSING WOMAN SUSAN POWELL. THE AFFIDAVIT STATES THAT PETITIONER AND HIS SON, JOSH POWELL, REFUSED TO GIVE LAW ENFORCEMENT THOSE JOURNALS. ON NOVEMBER 16, 2010, USM'S DEPUTY DERRYL SPENCER AND WEST VALLEY CITY, UTAH POLICE DEPARTMENT (WVCPD) OFFICER WILLIAM MERRITT CAME TO PETITIONER'S HOUSE AND MENTIONED THAT SUSAN POWELL'S ADULT JOURNAL REFERRED TO CHILDHOOD JOURNALS. DETECTING INTEREST, WE IMMEDIATELY OFFERED TO SCAN A COPY, 2000 PAGES, FOR THEM. USM'S DEPUTY SPENCER THEN AGREED TO ANY REQUEST FOR A COPY OF SUSAN POWELL'S ADULT JOURNAL, IN EXCHANGE FOR THE 2000-PAGE SCAN.
IN A MAY 21, 2015 INTERVIEW WITH DEFENSE INVESTIGATOR PATRICK PITT (INTER-VIEW IS FILED WITH SAME PIERCE COUNTY CAUSE NO. 11-1-03893-1), WVCPD DETECTIVE ELLIS MAXWELL BACKTRACKED ON THE AFFIDAVIT'S STATEMENT THAT PETITIONER AND
(CONTINUED ON ATTACHED PAGES)

(b) If you did not exhaust your state remedies on Ground Two, explain why: AFTER BEING DENIED MOTION TO SUPPRESS, PETITIONER ASKED TRIAL ATTORNEY MARK QUIGLEY WHY PERJURY BY LAW ENFORCEMENT, IN THE AFFIDAVIT, WAS NOT BEING EXAMINED FOR A RECONSIDERATION MOTION. ATTY. QUIGLEY RESPONDED THAT DECEPTION IN SEARCH AFFIDAVIT "DOES NOT RISE TO THE LEVEL OF PERJURY, BECAUSE IT IS JUST A PROBABLE-CAUSE DOCUMENT." APPELLATE COUNSEL COULD NOT RAISE ISSUE IN STATE COURT OF APPEALS, IN SPITE OF BEING MADE AWARE BY PETITIONER, BECAUSE DEFENSE HAD NOT RAISED IT AT TRIAL.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: PETITIONER WAS LED TO UNDER-STAND THAT ARGUMENTS NOT INCLUDED IN TRIAL PROCEEDINGS COULD NOT BECOME INCLUDED IN ARGUMENTS ON APPEAL, BUT MIGHT BE HEARD IF APPEAL REACHES FEDERAL COURT.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

(GROUND TWO, SUPPORTING FACTS, CONTINUED)

HIS SON, JOSH POWELL, FLATLY REFUSED TO GIVE USMS DEPUTY
SPENCER AND WVCPD OFFICER MERRITT SUSAN POWELL'S CHILD-
HOOD JOURNALS.  IN WVCPD DET. ELLIS MAXWELL'S
MAY 21, 2015 VERSION OF THE STORY, PETITIONER AND
HIS SON AGREED ON NOVEMBER 16, 2010 TO GIVE LAW
ENFORCEMENT THE CHILDHOOD JOURNALS, THEN RENEGED
THE FOLLOWING DAY (WHICH WOULD BE NOVEMBER 17, 2010).

ELLIS MAXWELL, THE WVCPD UTAH DETECTIVE
LEADING THE INVESTIGATION INTO SUSAN POWELL'S DISAP-
PEARANCE FROM THE BEGINNING, WAS EVIDENTLY
UNAWARE THAT PETITIONER, STEVEN POWELL, HAD SENT
AN EMAIL ON OR ABOUT DECEMBER 3, 2010, TELLING THE
RECIPIENT, U.S. MARSHAL SERVICE DEPUTY DERRYL
SPENCER THAT THE SCANNED COPY OF SUSAN POWELL'S
CHILDHOOD JOURNALS, PROMISED HIM BY JOSH AND
STEVEN POWELL ON NOVEMBER 16, 2010, WAS READY
FOR HIM TO PICK UP.  THREE OR FOUR DAYS LATER
USMS DEPUTY SPENCER EMAILED BACK TO SAY

GROUND TWO, ADDITIONAL PAGE 1 OF 3

THAT WEST VALLEY CITY, UTAH POLICE WERE NOT WILLING TO HONOR OUR AGREEMENT.

PETITIONER GAVE COPIES OF THOSE EMAILS (BY WAY OF HIS DAUGHTER), THE LAST COMMUNICATION BETWEEN THE POWELL FAMILY AND LAW ENFORCEMENT ON THE SUBJECT OF SUSAN POWELL'S CHILDHOOD JOURNALS, TO ATTY. MARK QUIGLEY IN OCTOBER OR NOVEMBER 2011. THE MAY 21, 2015 INTERVIEW WITH WVCPD DETECTIVE ELLIS MAXWELL, COUPLED WITH THE PAIR OF EMAILS BETWEEN PETITIONER AND USMS DEPUTY SPENCER, ARE PROOF THAT LAW ENFORCEMENT COMMITTED PERJURY IN THE SEARCH AFFIDAVIT.

IN ADDITION TO THE ABOVE INSTANCE OF PERJURY IN THE AFFIDAVIT, THERE ARE INSTANCES OF PERJURY BY OMISSION IN THE AFFIDAVIT. PETITIONER WOULD ASK THIS COURT TO ALLOW HIM TO INCLUDE THOSE INSTANCES ALSO IN THE BRIEFING OF HIS FEDERAL APPEAL. PETITIONER ALSO ASKS THE COURT TO ALLOW HIM TO INCLUDE QUOTATIONS FROM THE FOLLOWING INTERVIEWS WITH LAW ENFORCEMENT,

GROUND TWO, ADDITIONAL PAGE 2 OF 3

AS EVIDENCE OF THEIR DECEPTION AND NEGLIGENCE,
NOT AVAILABLE IN 2012.   THE TRANSCRIPTS OF THESE
INTERVIEWS ARE FILED UNDER PIERCE COUNTY CAUSE
No. 11-1-03893-1 (SAME CAUSE NUMBER AS 2012 TRIAL),
AND ARE ATTACHED TO PETITIONER'S 2015 MOTION TO
SUPPRESS AND CONVENE A FRANKS HEARING:

1) MAY 21, 2015 INTERVIEWS WITH THREE
WEST VALLEY CITY, UTAH POLICE DEPART-
MENT (WVCPD) OFFICERS, MERRITT,
QUINLAN AND MAXWELL; AND

2) JUNE 4, 2015 INTERVIEW WITH
PIERCE COUNTY SHERIFF'S DEPARTMENT
(PCSD) DETECTIVE GARY SANDERS.

THE ABOVE INTERVIEWS WERE CONDUCTED BY DEFENSE
INVESTIGATOR PATRICK PITT, FOR PIERCE COUNTY DEPART-
MENT OF ASSIGNED COUNSEL (D.A.C.).

THANK YOU.

GROUND TWO, ADDITIONAL PAGE 3 OF 3

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

_____

_____

_____

**GROUND THREE:**   AFFIANT, PIERCE COUNTY, WASHINGTON SHERIFF'S DEPT. (PCSD) DETECTIVE GARY SANDERS, SHOULD HAVE INVESTIGATED "EVIDENCE" OF PROBABLE CAUSE HE RECEIVED FROM UTAH (WVCPD), BEFORE INCLUDING IT IN HIS SEARCH AFFIDAVIT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): NEW EVIDENCE, AN INTERVIEW CONDUCTED BY DEFENSE INVESTIGATOR PATRICK PITT ON JUNE 4, 2015, WITH PCSD DET. GARY SANDERS, AND INCLUDED IN THE COURT FILE (TRANSCRIPT ATTACHED TO 2015 MOTION TO SUPPRESS) FOR CAUSE NO. 11-1-03893-1 (THE CAUSE NUMBER FOR THIS PIERCE COUNTY CASE), HAS PCSD DET. GARY SANDERS ADMITTING THAT HE MERELY ASSUMED THAT WHAT HE RECEIVED FROM POLICE IN UTAH WAS "GOOD" INFORMATION. HE MADE NO EFFORT TO INVESTIGATE, QUESTION OR DOUBT ANY INFORMATION FORWARDED TO HIM BY UTAH FOR HIS SEARCH AFFIDAVIT.
PETITIONER PRAYS THAT FEDERAL COURT WILL ALLOW THIS JUNE 4, 2015 INTERVIEW TO BE USED IN THIS APPEAL AS EVIDENCE OF PCSD DET. GARY SANDERS' NEGLIGENCE AND/OR PERJURY, EVEN THOUGH INTERVIEW WAS CONDUCTED AFTER PETITIONER LOST HIS DIRECT APPEAL.

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _ISSUE WAS NOT RAISED AT TRIAL._
_PCSD DET. GARY SANDERS SHOULD HAVE BEEN INVESTIGATED AND INTERVIEWED IN 2012,_
_INSTEAD OF 2015, AS PRELIMINARY TO TRIAL FOR REINSTATED COUNT No. 13. PCSD DET._
_SANDERS' NEGLIGENCE WAS NOT EVEN RAISED IN PRE-TRIAL MOTIONS IN 2015, AFTER_
_EVIDENCE OF SANDERS' NEGLIGENCE WAS AVAILABLE AND CLEAR._

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes     ☒  No

(2) If you did not raise this issue in your direct appeal, explain why: _DID NOT HAVE JUNE 4, 2015_
_INTERVIEW WITH PCSD DET. GARY SANDERS, PROVING HIS NEGLIGENCE. NONE OF_
_PETITIONER'S ATTORNEYS RAISED THE ISSUE (EVEN AT SUPPRESSION HEARING_
_IN 2015, AFTER INTERVIEW WAS AVAILABLE), AT TRIAL, IN PRE-TRIAL MOTIONS,_
_OR ON APPEAL._

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?          ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?          ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** *EVIDENCE FROM SEARCH SHOULD BE SUPPRESSED, BASED ON FOUR CORNERS OF SEARCH AFFIDAVIT, AS ARGUED BY TRIAL DEFENSE ATTY, MARK QUIGLEY AT SUPPRESSION HEARING ON APRIL 23, 2012.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *TRIAL DEFENSE ATTORNEY MARK QUIGLEY ARGUED THAT SEARCH WARRANT WAS UNEQUIVOCALLY INVALID. JUDGE CULPEPPER IGNORED THE ARGUMENTS, WHICH EVEN SEEM TO BE SUPPORTED BY PROSECUTION'S FILING FOR SAME APRIL 23, 2012 HEARING. JUDGE CULPEPPER RULED AS NOTED UNDER "GROUND ONE" OF INSTANT DOCUMENT.*

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: *PETITIONER BELIEVES THIS GROUND WAS INCLUDED AS PART OF APPEAL IN STATE OF COURT OF APPEALS DIVISION II. WASHINGTON STATE SUPREME COURT DENIED REVIEW.*

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?        ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☐ Yes   ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   *NONE OF THE GROUNDS WERE CONSIDERED BY*
*WASHINGTON STATE SUPREME COURT, WHICH DENIED PETITION*
*FOR REVIEW.*

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:
*GROUNDS ONE, TWO AND THREE ARE PIVOTAL ISSUES THAT WERE*
*IGNORED OR OVER LOOKED BY TRIAL DEFENSE COUNSEL. AS SUCH*
*THOSE GROUNDS WERE NOT ALLOWED TO BE RAISED IN STATE*
*APPELLATE COURTS.*

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241
(Rev. 01/15)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☒ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
SENTENCE OF 60 MONTHS PETITIONER IS CURRENTLY SERVING, AFTER HAVING BEEN CONVICTED OF REINSTATED COUNT 13, BEGAN ON OCTOBER 27, 2014, SEVEN MONTHS AFTER 30-MONTH SENTENCE, HANDED DOWN IN 2012, ENDED.

(b) Give the date the other sentence was imposed:      AUGUST 21, 2015

(c) Give the length of the other sentence:      SIXTY MONTHS

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☒ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
PETITIONER MADE VERBAL AGREEMENT IN SUMMER 2014 FOR A LAKEWOOD, WA (TACOMA AREA) ATTORNEY TO HANDLE HIS FEDERAL APPEAL. PETITIONER LOST DIRECT APPEAL IN OCTOBER 2014, AND WAS ARRESTED ON OCTOBER 27, 2014, AFTER A DISMISSED COUNT WAS REINSTATED ON CROSS APPEAL. FOR THAT COUNT, PETITIONER EXPECTED OUTCOME OF, AT MOST, SAME SENTENCE, CONCURRENT, AND "TIME SERVED." AS SOON AS 60-MONTH CONSECUTIVE SENTENCE WAS HANDED DOWN ON AUGUST 21, 2015, PETITIONER RE-CONTACTED LAKEWOOD ATTORNEY, WHO TRIPLED ORIGINAL RETAINER, MAKING IT OUT OF REACH FOR PETITIONER.
    PETITIONER WAS MOVED FROM JAIL TO WASHINGTON CORRECTIONAL CENTER (WCC) IN SHELTON. AND HIS DAUGHTER, ALINA, SOON BEGAN EFFORTS, REBUFFED BY WCC MAIL ROOM, TO SEND HIM FORM 28 U.S.C. §2254 FOR A WRIT OF HABEAS CORPUS. MAIL ROOM AT WCC WROTE TO PETITIONER THAT FEDERAL FORMS WERE

AVAILABLE TO PETITIONER FROM WCC PRISON LAW LIBRARY, THUS MAILROOM
WOULD NOT FORWARD HIS DAUGHTER, ALINA'S PACKAGE TO PETITIONER'S CELL.
    PETITIONER CONTACTED WCC PRISON LAW LIBRARIAN, JOHN THOMPSON, WHO
SPECIFICALLY SAID (HE CAME TO PETITIONER'S CELL DOOR AND SAID THIS)
HE DID NOT HAVE FORMS FOR FEDERAL APPEAL, AND THAT A PRP SHOULD BE FILED.
    ON FRIDAY OCTOBER 9, 2015, ALINA REQUESTED, AND FEDERAL
COURT CLERK'S OFFICE MAILED FORM #2254 DIRECTLY TO PETITIONER'S CELL
AT WCC.
    HOWEVER ON MONDAY OCTOBER 12 AT 4:30 A.M., PETITIONER WAS IN
PROCESS TO BOARD PRISON BUS HEADED FOR MONROE CORRECTIONAL
COMPLEX, HAVING BEEN NOTIFIED OF MOVE THE PREVIOUS NIGHT.
    THE OCTOBER 9 MAILING, BY FEDERAL COURT CLERK'S OFFICE,
CAUGHT UP WITH PETITIONER IN MONROE ON FRIDAY AFTERNOON, OCTOBER 16,
2015. BY THE TIME FORM WAS COMPLETED BY PETITIONER AT 8:30 PM, HE WAS
TOLD BY STAFF THAT IT WAS TOO LATE TO GET IT INTO THE PRISON LEGAL-MAIL
SYSTEM UNTIL SUNDAY OCTOBER 18, WHICH IS THE DATE PETITIONER PLANS TO
FORWARD THIS DOCUMENT.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

_____

_____

_____

or any other relief to which petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  *OCTOBER 16, 2015* (month, date, year).

                                         *OCTOBER 18, 2015  SP*


Executed (signed) on  *OCTOBER 16, 2015* (date).



_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Filed
Washington State Supreme Court

OCT - 8 2014

Ronald R. Carpenter
Clerk

ε/m

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 90430-8 |
| Respondent, | ) | **ORDER** |
| v. | ) | C/A NO. 43585-3-II |
| STEVEN CRAIG POWELL, | ) | |
| Petitioner. | ) | |

Department I of the Court, composed of Chief Justice Madsen and Justices C. Johnson, Fairhurst, Wiggins, and Gordon McCloud, considered at its October 7, 2014, Motion Calendar, whether review should be granted pursuant to RAP 13.4(b), and unanimously agreed that the following order be entered.

IT IS ORDERED:

That the Petition for Review is denied.

DATED at Olympia, Washington this 8th day of October, 2014.

For the Court

Madsen, C.J.

CHIEF JUSTICE

697/74

11-1-03893-1  43484985   MND   10-20-14



FILED
DEPARTMENT 17
IN OPEN COURT

OCT 17 2014

PIERCE COUNTY, Clerk

By _____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43585-3-II |
| Respondent/Cross-Appellant, | |
| v. | MANDATE |
| | Pierce County Cause No. |
| STEVEN POWELL, | 11-1-03893-1 |
| Appellant/Cross-Respondent. | ***Court Action Required*** |

The State of Washington to:  The Superior Court of the State of Washington
in and for Appellant/Cross-Respondent County

     This is to certify that the opinion of the Court of Appeals of the State of Washington, Division II, filed on June 10, 2014 became the decision terminating review of this court of the above entitled case on October 8, 2014. Accordingly, this cause is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the opinion. Costs have been awarded in the following amount:

    Judgment Creditor:  State of Washington - $6.96
    Judgment Creditor:  A.I.D.F. - $4,676.85
    Judgment Debtor:  Steven Powell - $4,682.85

***Court Action Required:***  The sentencing court or criminal presiding judge is to place this matter on the next available motion calendar for action consistent with the opinion.

0013

3649

10/21/2014

CASE #: 43585-3-II
State of Washington, Respondent/Cross-App v. Steven Powell, Appellant/Cross-Resp
Mandate – Page 2



IN TESTIMONY WHEREOF, I have hereunto set
my hand and affixed the seal of said Court at
Tacoma, this _____ day of October, 2014.

Clerk of the Court of Appeals,
State of Washington, Div. II

Hon. Ronald Culpepper
Mark Quigley

Eric J. Nielsen                                Melody M Crick
Nielsen Broman & Koch PLLC                     Pierce County Prosecuting Attorney
1908 E Madison St                              930 Tacoma Ave S Rm 946
Seattle, WA, 98122-2842                        Tacoma, WA, 98402-2171
nielsene@nwattorney.net                        mcrick@co.pierce.wa.us

WSP Identification & Criminal History Section
ATTN: Quality Control Unit
PO Box 42633
Olympia, WA  98504-2633