UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN CRAIG POWELL,

        Petitioner,

v.

MIKE OBENLAND,

        Defendant.

CASE NO. C15-5761 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 14), and Petitioner Steven Powell's ("Powell") objections to the R&R (Dkt. 15).

On November 3, 2015, Powell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 4. Powell seeks relief from his jury conviction of twelve counts of voyeurism and one count of second-degree possession of depictions of a minor engaged in sexually explicit conduct. *Id.* at 2. Powell presents four grounds for habeas relief, all of which are based on the Fourth Amendment. *See id.* at 5–13.

On February 18, 2016, Judge Strombom issued an R&R recommending the Court deny the petition as barred by *Stone v. Powell*, 428 U.S. 465 (1976). Dkt. 14 at 8–11.

ORDER - 1

*Stone* provides that federal habeas relief cannot be granted on Fourth Amendment claims "where the State has provided an opportunity for full and fair litigation" of such claims. 428 U.S. at 494. Judge Strombom also recommended denying the issuance of a certificate of appealability. Dkt. 14 at 11. On March 9, 2016, Powell filed objections. Dkt. 15.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Powell objects to Judge Strombom's conclusion that *Stone* bars his Fourth Amendment claims. Dkt. 15. Powell argues his Fourth Amendment claims did not receive full and fair consideration because (1) the state courts adjudicated his claims on faulty grounds and reached decisions that were contrary to federal law, and (2) his counsel did not defend him from the bias of Pierce County courts by seeking to change the venue. *Id.* at 12, 16, 18–21.

Powell's objections do not demonstrate that Judge Strombom's conclusion was erroneous. With respect to Powell's first argument, the proper inquiry under *Stone* is whether Powell had the opportunity to litigate his Fourth Amendment claims, not whether whether his claims were correctly decided. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). As Judge Strombom discussed, the record shows that Powell

ORDER - 2

had the opportunity to litigate his Fourth Amendment claims and that he did so.  *See* Dkt. 14 at 9–11; *see also Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005).  As for his second argument, Powell has failed to show that he properly presented a claim for ineffective assistance of counsel or that he has exhausted such a claim.

Therefore, the Court having considered the R&R, Powell's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Powell's habeas petition is **DENIED**;

(3) A certificate of appealability is **DENIED**; and

(4) This action is **DISMISSED**.

Dated this 19th day of April, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge